UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-25068-BLOOM/Otazo-Reyes**

LILIANA LORETE,

    Plaintiff,

v.

POSTMASTER GENERAL,
*Louis DeJoy*,

    Defendant.
_____/

**ORDER ON MOTION TO REINSTATE OR REOPEN COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Reinstate or Reopen Complaint, ECF No. [12] (the "Motion"), filed on April 20, 2021. In the Motion, Plaintiff requests that the Court reinstate or reopen the Complaint in this case. For the reasons set forth below, the Motion is denied.

Plaintiff commenced this action by filing her Complaint, ECF No. [1], on December 12, 2020. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of process must be perfected upon defendants within 90 days after the filing of the complaint. In this case, the deadline to serve was March 12, 2021. *See* ECF No. [6]. The Court informed Plaintiff of this deadline sixty (60) days in advance and advised Plaintiff that the failure to timely serve would result in dismissal. *Id*.

On January 30, 2021, Plaintiff filed a Motion for Extension of Time to Serve Complaint, ECF No. [7], requesting an additional forty-five (45) days to accomplish service based upon a professed inability to serve the Postmaster General.[1] The Court granted Plaintiff's request for an

---

[1] Plaintiff erroneously stated that the complaint must be served within 120 days after filing of the complaint,

extension in part, allowing Plaintiff until April 12, 2021, to effectuate service. ECF No. [8]. The Court also directed Plaintiff to file proof of service within seven (7) days of perfecting service upon Defendant and advised Plaintiff again that the failure to serve by the stated deadline would result in dismissal. *Id*. On April 19, 2021, when Plaintiff had failed to file proof of service, the Court entered an order dismissing this case for failure to timely serve. ECF No. [11].

In the Motion, Plaintiff contends that her counsel has "diligently attempted" to obtain the necessary information to effectuate service upon the Postmaster General, including contacting the Florida Bar and colleagues, and conducting his own research to determine how to serve the Postmaster General, and that he now has determined how to accomplish such service.[2] As a result, Plaintiff contends that there is good cause under Rule 4(m)[3] because "it was not known how or where to serve the Postmaster General, a United States government agency." The Court disagrees.

First, although Plaintiff represents that the Motion is filed pursuant to the Federal Rules of Civil Procedure, she has not cited the Rule which would permit the Court to grant relief in this instance. Plaintiff requests that the Court reinstate or reopen the Complaint, however, the Court did not "close" the Complaint—this case was dismissed in accordance with Rule 4(m). As such, it appears that Plaintiff is in fact requesting that the Court vacate its order of dismissal under Rule

---

relying upon a version of Rule 4(m), which was superseded by amendment in 2015 to shorten the presumptive time for service from 120 to 90 days. *See* Fed. R. Civ. P. 4, Committee Notes on Rules—2015 Amendment.

[2] Rather than apprise the Court of his ongoing efforts or request additional time prior to the expiration of the service deadline set by Court Order, Plaintiff filed a new summons for issuance on April 18, 2021. *See* ECF No. [18].

[3] Plaintiff cites to Rule 4(j), however, that provision of the Rule refers to serving a foreign, state, or local government. Therefore, the Court assumes Plaintiff meant to refer to Rule 4(m), which states that "if the plaintiff shows good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period." However, Rule 4(m) also states that if a defendant is not timely served, "the court . . . must dismiss the action without prejudice against that defendant[,]" and does not specify that the time to serve may be extended after the Court has already dismissed the action.

60 of the Federal Rules of Civil Procedure. *See also Ramtahal v. Am. Sec. Ins. Co.*, No. 15-20875-CIV-ALTONAGA/O'Sullivan, 2015 WL 12850618, at *1 (S.D. Fla. Apr. 17, 2015) (applying Rule 60 to a motion to vacate order of dismissal and to reinstate case).

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

Here, no relief is warranted under Rule 60(b). Although Plaintiff contends that her counsel encountered difficulties in determining how to effectuate service upon the Postmaster General, she also acknowledges that the Postmaster General is a United States government agency. A cursory review of Rule 4 reveals that Rule 4(i) sets forth the available methods for "Serving the United States and Its Agencies, Corporations, Officers, or Employees." In addition, Plaintiff makes no

Case No. 20-cv-25068-BLOOM/Otazo-Reyes

attempt to explain the timing of her counsel's efforts to eventually discover this provision of the Rule during the additional thirty (30) days the Court granted Plaintiff to effectuate service. Moreover, Plaintiff has not explained her counsel's failure to timely move for an additional extension of time. As such, the Court finds no circumstances in this case that would constitute sufficient cause under Rule 60(b) to vacate the dismissal in this case.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [12]**, is **DENIED** and this case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 21, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

2